*Stip does not affect plan confirmation 6/11/2019*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Steven J. Gibson <br> *Debtor* | CHAPTER 13 |
| Nationstar Mortgage LLC d/b/a Mr. Cooper <br> *Movant* <br> vs. | NO. 18-17827 ELF |
| Steven J. Gibson <br> *Debtor* | |
| William C. Miller Esq. <br> *Trustee* | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Secured Creditor on the Debtor's residence is **$2,465.10**, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | February 2019 to May 2019 at $693.32/month |
| Suspense Balance: | $308.18 |
| **Total Post-Petition Arrears** | **$2,465.10** |

2. On April 9, 2019, the Court entered an Order Granting Secured Creditor's Motion for Relief.

3. The parties now jointly agree that the Automatic Stay should be and is re-imposed.

4. The Debtor shall cure said arrearages in the following manner:

   a) On or before May 31, 2019, Debtor shall make a down payment to pay the post-petition arrears of **$2,465.10**.

5. Beginning with the payment due June 1, 2019 and continuing thereafter, Debtor shall pay to Secured Creditor the present regular monthly mortgage payment of $693.32 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

6. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Secured Creditor shall adjust the account accordingly.

7. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Secured Creditor shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Secured Creditor may file a Certification of Default with the Court and the Court shall enter an Order granting Secured Creditor immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

8. If the case is converted to Chapter 7, Secured Creditor shall file a Certification of Default with the Court and the Court shall enter an order granting Secured Creditor relief from the automatic stay.

9. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

10. The provisions of this stipulation do not constitute a waiver by Secured Creditor of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

11. The parties agree that a facsimile signature shall be considered an original signature.

Date: May 24, 2019    By: /s/ Rebecca A. Solarz, Esquire
                           Attorney for Secured Creditor

Date: 5/31/19
       Michael A. Cataldo, Esquire    x /s/ Steven J. Gibson
       Attorney for Debtor               Steven J. Gibson

Date: 5/30/19
       /s/ LeRoy Etheridge, for
       William C. Miller, Esquire    NO OBJECTION
       Chapter 13 Trustee            *without prejudice to any
                                     trustee rights or remedies.

**ORDER**

Approved by the Court this 10th day of June, 2019. However, the court retains discretion regarding entry of any further order.

_____
ERIC L. FRANK
U.S. BANKRUPTCY JUDGE